PITTMAN, Justice,
for the Court:
Following a complaint for forfeiture which had been filed by the State of Mississippi against Chuckie Lee, the Circuit Court of Marion County entered an Agreed Order and final judgment disposing of the matter. On appeal, it appears that neither Lee nor his counsel signified their approval of the terms of this Agreed Order, and the Order was presented and approved by the circuit court ex parte. Under the circumstance, we reverse and remand.
I.
On July 19, 1989, the combined forces of the Mississippi Bureau of Narcotics, the Pearl River Basin Narcotics Task Force and the Marion County Sheriff's Department seized assets in Marion County in and adjacent to Fat Albert’s Bait Shop and Fat Albert’s II. A Forfeiture Complaint, pursuant to Miss.Code Ann. § 41-29-153 (1972), was filed on September 15, 1989, in the Circuit Court of Marion County by District Attorney Richard Douglass. With only Chuckie Lee and Jerry Melton remaining as interested parties, the State moved for a pretrial conference under Rule 16, Miss.R.Civ.P. to explore settlement and resolve issues. Lee appeared through counsel and a proposed settlement was reached subject to Lee’s approval.
That which followed is conflicting, and Lee’s attorney did not appear at a second pretrial conference held by Circuit Judge Prichard and Assistant District Attorney Kathy Sones. Without the signature of Lee or his attorney, an Agreed Order was entered on February 11, 1991, which released certain listed items of seized property to Lee and, in turn, released his claim to all other items and all claims against the State because of the seizure. That same day, Judge Prichard entered final judgment of forfeiture.
On March 7, 1991, through his attorney of record, Lee filed a motion to set aside the Agreed Order which was summarily denied. Lee then filed a motion for rehearing, and, following a hotly contested hearing on March 15, 1991, that motion was also denied.
Lee appeals, alleging as error the circuit judge’s refusal to set aside the “alleged Agreed Order” which was not accepted or signed by Lee or his attorney.
II.
We find that the trial judge abused his discretion when he entered the Agreed Order and final judgment ex parte, absent the consent and approval of Lee or his attorney. Apparently, there never was any agreement between the two sides, and the *129 assistant district attorney assigned to the case testified that Lee’s attorney accepted the terms of the agreement “through silence.” Further, the Assistant District Attorney acknowledged that neither Lee nor his attorney executed any release or written agreement nor did they at any time verbally accept the State’s offer. Neither Lee nor his attorney ever affirmatively signified their approval.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, BANKS and McRAE, JJ., concur.